UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISLAND INTELLECTUAL PROPERTY
LLC,
                              Plaintiff,                    19-CV-4792 (JPO)

                                -v-                             ORDER

STONECASTLE CASH MANAGEMENT
LLC, *et al.*,
                              Defendants.

J. PAUL OETKEN, District Judge:

       On May 29, 2020, the Court issued an Opinion and Order dismissing Plaintiff Island Intellectual Property LLC's patent infringement and other assorted claims against Defendants StoneCastle Cash Management LLC and affiliated entities. (Dkt. No. 58.) In doing so, the Court held that Plaintiff's patents covered patent-ineligible subject matter. (Dkt. No. 58 at 6–13.) Plaintiff appealed the Court's judgment, filed a new case against Defendants in state court, and was itself subject to a new action filed in federal court by Defendants. (Dkt. No. 72 at 2–3.) On March 10, Plaintiff returned to this forum, informing the Court that it had settled the various disputes with Defendants, contingent on the vacatur of the Opinion and Order. (Dkt. No. 72.) Plaintiff now moves for vacatur and seeks an indicative ruling under Federal Rule of Civil Procedure 62.1(a), stating that the Court would grant the motion if the court of appeals were to remand for that purpose. (*Id.*) Defendants do not oppose the motion.

       Because a judgment is "not merely the property of private litigants," it "should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal quotation marks and citation omitted). Accordingly, Federal Rule of Civil Procedure 60(b) permits vacatur of the judgment in

1

a settled case only when "exceptional circumstances tip[] the equitable balance in favor of vacatur." *Major League Basebal Props., Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 151 (2d Cir. 1998) (internal quotation marks and citation omitted).  Here, the Court concludes that the public and private interests at stake align in favor of vacatur.

Vacating the Opinion and Order — which is necessary as a precondition for the parties' settlement — would "avoid the expenditure of scarce judicial resources" across three cases, which are now pending before a state court, a court of appeals, and another court in the Southern District of New York.  *Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, No. 06-cv-6389, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010).  There is a strong public interest in relieving these three forums of claims that the parties are happy to resolve without judicial intervention.  *See Davis v. Blige*, 505 F.3d 90, 104 (2d Cir. 2007) ("The general policy of the law is to favor the settlement of litigation, and the policy extends to the settlement of patent infringement suits.") (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 203 (2d Cir. 2006).  In contrast, the public interest "in preserving the finality of the judgment and the development of decisional law" is relatively weak in this case.  *Am. Home Assur. Co.*, 2010 WL 1946718, at *2.  The Opinion and Order would be of "little persuasive authority after [the pending] appeal," were the appeal to proceed.  *Tommy Hilfiger Licensing, Inc. v. Costco Cos., Inc.*, No. 99-cv-3894, 2002 WL 31654958, at *2 (S.D.N.Y. Nov. 25, 2002).  And, as Plaintiff notes in its motion (Dkt. No. 72 at 8), the Opinion and Order has already been published in a reporter and will continue to be available for citation by nonparties, *see Island Intellectual Prop., LLC v. StoneCastle Asset Mgmt. LLC*, 463 F. Supp. 3d 490 (S.D.N.Y. 2020).  Although Plaintiff filed a series of patent infringement claims a decade ago, this previous "aggressiveness" is of little significance today, *cf. Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 236 F.R.D. 175, 177

(S.D.N.Y. 2006) (holding that the plaintiff's litigiousness, and the likelihood that the plaintiff would file analogous cases in the future, created a public interest in the judgment), when "no nonparties appear to be [] impacted by the decision sought to be vacated," *Tommy Hilfiger Licensing, Inc.*, 2002 WL 31654958, at *2.  On balance, the public interest, complemented by the parties' private interest in settling their numerous disputes, favors vacatur.

For the foregoing reasons, Plantiff's request for an indicative ruling is GRANTED.  The Court would grant Plaintiff's motion to vacate if the court of appeals were to remand for that purpose.

The Clerk of Court is directed to close the motion at Docket Number 71.

SO ORDERED.

Dated: April 13, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge